CHARTER v. STATE, 36 Miss. R., 75.

GAMING.

All existing acts against gaming were repealed by the code, and ceased to operate on the first of November, 1857, except as to prosecutions then pending. Rev. Code of 1857, 43, art. 2.

Upon a conviction of gaming, after the revised code went into operation, under an indictment found and returned before that time, the district attorney is entitled to a fee of ten dollars only, and not to the fee allowed by the code.

Error to Yallobusa circuit court.  COTHRAN, J.

*J. Z. George,* for plaintiff in error.

*T. J. Wharton,* attorney general.

SMITH, C. J.

The plaintiff in error was convicted at the November term, 1857, upon a charge for gaming, and was ordered into custody until the fine imposed and the costs of the prosecution were paid.   Subsequently he moved for a discharge upon the ground that he had fully paid off the said fine and costs.   The motion was overruled, and a bill of exception, setting out the facts, was filed.   From which it appears that the indictment under which the conviction was had, was found at the April term of the court in 1857, and, of course, before the revised code went into operation; and that the conviction did not take place until after the day appointed for it to take effect; that the plaintiff in error had paid all the costs of the prosecution, and ten dollars as the tax fee, to which the district attorney would be entitled, if the case was to be governed by the provision of the revised code in relation to the tax fee of the district attorney in such cases.

All the existing acts for the prevention of gaming were the subject of revision, and were, therefore, repealed by the code, and ceased to operate on the first of November, 1857; when it went into operation (Rev. Code, p. 43, chap. 1, art. 2), except as to prosecutions then pending and undecided.   In such cases the law which applied when the indictment was found was continued in force, and governed the prosecution, in regard to

the nature and definition of the offense. It also controlled as to the punishment attached to the offense charged, unless when a milder punishment was provided by the code. In such case the mitigated punishment is to be applied instead of the severer one prescribed by the previous law. Rev. Code, 44, ch. 1, art. 6.

It is, therefore, true, as contended by the attorney general, that although the trial occurred after the revised code went into operation, the conviction was had under the law which existed when the indictment was found. But this can have no effect upon the question whether the motion was correctly or incorrectly overruled, unless it is made further to appear that the 9th section of the act of 1839 was not repealed by the revised code. If it was not repealed, there was no error in the action of the court, as the district attorney was entitled to a tax fee of fifty dollars. But it is certain that the provisions of the 9th section of said act were the subject of revision, and were, therefore, repealed by the code, under which the district attorney is allowed for convictions, under the statute against gaming, a tax fee of only ten dollars. It follows, hence, that no fee should have been taken, unless the provisions of the revised code regulated the question of costs. Of this there can be no doubt. In either event the judgment below was erroneous, and it is ordered to be reversed, and that the judgment which should have been rendered in the circuit court be entered in this.